AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means     ☐ Original     ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

In the Matter of the Search of ）
3480 2nd Avenue, Los Angeles, CA 90018 ）
）  **Case No. 2-23-MJ-6198**
）  **AMENDED**
）
）
）
）
）

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A-1*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   12/6/2023 @ 1:17 p.m.        _____/s/ Jean Rosenbluth_____
                                                                                    Judge's signature

City and state:    Los Angeles, CA                Hon. Jean Rosenbluth, U.S. Magistrate Judge
                                                                             *Printed name and title*

AUSA:  K. Afia Bondero (x2435)

AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

Case 2:23-mj-06198-DUTY Document 3 Filed 12/06/23 Page 8 of 14 Page ID #:82
Case 2:23-mj-06198-DUTY Document 1 Filed 12/06/23 Page 8 of 140 Page ID #:8
Page ID #:69

**ATTACHMENT A-1**

PREMISES TO BE SEARCHED

The SUBJECT PREMISES to be searched is a single-family residence with a detached garage, located at 3480 2nd Avenue Los Angeles, CA 90018. The residence is green in color with white trim around the windows. The front door is brown with glass inserts. The residence has a detached garage. The premises to be searched includes all garages, sheds, and storage areas in close proximity to the SUBJECT PREMISES, and any vehicles parked in the garage of the SUBJECT PREMISES.



i

**ATTACHMENT B**

**I.** <u>**ITEMS TO BE SEIZED**</u>

    1.    The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of 21 U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances), 846 (conspiracy and attempt to distribute controlled substances), and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance) (the "Subject Offenses"), namely:

    a.    Any controlled substance, controlled substance analogue, or listed chemical;

    b.    Items and paraphernalia for the manufacturing, distributing, packaging, sale, or weighing of controlled substances, including scales and other weighing devices, plastic baggies, food saver sealing devices, heat sealing devices, balloons, packaging materials, containers, and money counters;

    c.    Items used in the packaging of currency for consolidation and transportation, such as money-counting machines, money wrappers, carbon paper, rubber bands, duct tape or wrapping tape, plastic wrap or shrink wrap, and plastic sealing machines;

    d.    United States currency over $1,000 or bearer instruments worth over $1,000 (including cashier's checks, traveler's checks, certificates of deposit, stock certificates, and bonds) (including the first $1,000), and data, records, documents, or information (including electronic mail, messages

ii

over applications and social media, and photographs) pertaining to, obtaining, possessing, using, applications for, or transferring money over $1,000, such as bank account records, cryptocurrency records and accounts;

   e. Documents and records reflecting the identity of, contact information for, communications with, or times, dates or locations of meetings with co-conspirators, sources of supply of controlled substances, or drug customers, including calendars, address books, telephone or other contact lists, pay/owe records, distribution or customer lists, correspondence, receipts, records, and documents noting price, quantities, and/or times when drugs were bought, sold, or otherwise distributed, whether contained in hard copy correspondence, notes, emails, text messages, photographs, videos (including items stored on digital devices), or otherwise;

   f. Records, documents, programs, applications and materials, or evidence of the absence of same, sufficient to show call log information, including all telephone numbers dialed from any of the digital devices and all telephone numbers accessed through any push-to-talk functions, as well as all received or missed incoming calls;

   g. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show SMS text, email communications or other text or written communications sent to or received from any of the digital devices and which relate to the above-named violations;

iii

Case 2:23-mj-06198-DUTY Document 3 Filed 12/06/23 Page 6 of 14 Page ID #:85
Case 2:23-mj-06198-DUTY Document 3 Filed 12/06/23 Page 6 of 14 Page ID #:85
Page ID #:72

h. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show instant and social media messages (such as Facebook, Facebook Messenger, Snapchat, FaceTime, Skype, and WhatsApp), SMS text, email communications, or other text or written communications sent to or received from any digital device and which relate to the above-named violations;

i. Audio recordings, pictures, video recordings, or still captured images related to the purchase, sale, transportation, or distribution of drugs;

j. Contents of any calendar or date book;

k. Global Positioning System ("GPS") coordinates and other information or records identifying travel routes, destinations, origination points, and other locations; and

l. Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offenses, and forensic copies thereof.

m. With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

iv

      ii.  evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

      iii. evidence of the attachment of other devices;

      iv.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

      v.  evidence of the times the device was used;

      vi.  passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

      vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

      viii.   records of or information about Internet Protocol addresses used by the device;

      ix.  records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

  2.  As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created,

Case 2:23-mj-06198-DUTY Document 3 Filed 12/06/23 Page 8 of 14 Page ID #:87
Case 2:23-mj-06198-DUTY *SEALED* Document 3 *SEALED* Filed 12/06/23 Page 8 of 14 Page ID #:74
Page ID #:74

modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

3. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

## II. SEARCH PROCEDURE FOR DIGITAL DEVICE(S)

4. In searching digital devices (or forensic copies thereof), law enforcement personnel executing this search warrant will employ the following procedure:

   a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar

vi

facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital device(s) and/or forensic image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

      b. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

          i. The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

          ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

          iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

      c. If the search team, while searching a digital device, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized,

vii

Case 2:23-mj-06198-DUTY Document 3 Filed 12/06/23 Page 10 of 14 Page ID #:76

the team shall immediately discontinue its search of that device pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

       d.    If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

       e.    If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

       f.    If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

       g.    The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

h.  After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

5.  In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

a.  Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above;

b.  Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

c.  Any magnetic, electronic, or optical storage device capable of storing digital data;

d.  Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

e.  Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

f.  Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

g.  Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

ix

6. The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

7. During the execution of this search warrant, law enforcement is permitted to: (1) depress Samuel Cohen's thumb- and/or fingers onto the fingerprint sensor of the digital device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of Samuel Cohen's face with his or her eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device. In depressing a person's thumb or finger onto a device and in holding a device in front of a person's face, law enforcement may not use excessive force, as defined in Graham v. Connor, 490 U.S. 386 (1989); specifically, law enforcement may use no more than objectively reasonable force in light of the facts and circumstances confronting them.

8. The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not

xi

apply to any search of digital devices pursuant to any other court order.

# Amendments to Magistrate Judge Case Initiating Documents

2:23-mj-06198-DUTY *SEALED*
USA v. SEALED

**SEALED**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Bondero, K. on 12/6/2023 at 10:28 AM PST and filed on 12/6/2023
**Case Name:** USA v. SEALED
**Case Number:** 2:23-mj-06198-DUTY *SEALED*
**Filer:** USA
**Document Number:** 2

**Docket Text:**
**AMENDED APPLICATION for Search Warrant filed by Plaintiff USA. (Not for Public View pursuant to the E-Government Act of 2002) (Attachments: # (1) Proposed Warrant) (Bondero, K.)**

**2:23-mj-06198-DUTY *SEALED*-1 Notice has been electronically mailed to:**

K. Afia Bondero    Afia.Bondero@usdoj.gov, USACAC.Criminal@usdoj.gov

**2:23-mj-06198-DUTY *SEALED*-1 Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\CAC.LA.CR 2 23 MJ 6198.20230612.AF.AMENDED Application for Search Warrant (residence).pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/6/2023] [FileNumber=37004583-0
] [11ba92ba5f6707cfee09b12daa0e4c191aff9d531eafc84502ea9e1eaabcb655728
23c3b9f59917d8dcf8df4c4b17ed2848772161ff4e93c2590d35b705c53b1]]
**Document description:** Proposed Warrant
**Original filename:** C:\fakepath\CAC.LA.CR 2 23 MJ 6198.20230612.AF.AMENDED Proposed Search Warrant (residence).pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/6/2023] [FileNumber=37004583-1
] [2bf5cd725d5692df899438af71943b49698cc5cf801f752798b61a1918512685783
f53fa6e164ec04b6ac5a8a3a965ba11f463bce2e82dd577df70cab013ab66]]